# ESSEX COUNTY.

## March Term, 1841.

Present, Hon. CHARLES K. WILLIAMS, *Chief Jutice.*
    " STEPHEN ROYC , ⎱ *Assistant Justices.*
    " JACOB COLLAMER, ⎰

### John McKoy *v.* A. L. & O. Brown.

After a judgment to account and a report of auditors, a motion in arrest cannot be sustained because the declaration is not drawn agreeably to the form of declarations on book before the county court, but only agreeably to the form used before justices of the peace.

Action of book account, commenced before a justice of the peace and appealed to the county court, in which action the defendants were attached to answer to the plaintiff, in ' an action on book, demanding one hundred dollars to ba- ' ance accounts between them, to the damage of the plaintiff ' the sum of one hundred dollars.'

The defendants consented to a judgment to account, in the county court, and an auditor was appointed, who made a special report, and found a balance due to the plaintiff. The defendants excepted to the report; but the county court overruled the exceptions, to which decision the defendants excepted.

The defendants then moved in arrest of judgment for the insufficiency of the declaration. The county court overruled the motion, and rendered judgment for the plaintiff to recover against the defendants the amount found due by the auditor, and, to this decision, the defendants also excepted.

After the suit was entered in this court, the defendants waived their exceptions to the report of the auditor and only relied upon the motion in arrest. It therefore becomes unnecessary to state the facts found by the auditor, in reporting the case.

*D. Hibbard, Jr.,* for defendants.

The declaration is defective, in *substance,* as well as in form. It does not allege that there was any thing due to the plaintiff on book ; nor is it averred, in the declaration, that the defendants refused to settle, adjust and pay the plaintiff's account. Comp. Statute, p. 322.

*S. Cushman,* for plaintiff, contended that, as judgment to account was rendered by the consent and agreement of the defendants, they cannot afterwards inquire into the sufficiency of the declaration. It is virtually a waiver of any exception to the declaration.

The rendition of judgment to account, by confession, precludes the defendants from taking any exception to the declaration. Comp. Statute, p. 141.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The exceptions taken to the report of the auditor, have been waived, and the defendant relies solely on the motion in arrest for the insufficiency of the declaration. The declaration, instead of being in the form prescribed by the statute, in actions on book before the county court, appears to be the one originally used before the justice. When the cause came by appeal before the county court, the plaintiff should have filed a new declaration, in the form given in the statute. But we think the defects in this declaration, although they would have been fatal, on special demurrer, are cured by the judgment to account, given by the defendants. In the action on book, there is no general issue, which denies the whole declaration. The plaintiff may, in fact, be in arrear and in debt to the defendants, and still this would constitute no objection to sustaining the action, until this was ascertained by the auditor. The only facts which must exist to maintain the action, are, that there is an unsettled account between the parties.

A judgment to account is an admission of an unsettled account, or that there are dealings between the parties to be adjusted by an auditor.

After a judgment or confession to account, and a report of auditors, and acceptance of the report, a motion in arrest cannot be sustained because there is no allegation in the declaration of a fact, which, by such judgment, is supposed to exist.

The declaration, in this case, is, in substance, declaring for the sum of one hundred dollars to balance book accounts between the parties, and contains all the material parts of a proper declaration before the county court, and the judgment to account is an admission of an unsettled account between the parties.

The judgment of the county court is affirmed.